UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

**CLARK PEAR**

**DEFENDANT,**

**V.**                                                                                    **Case No: 2:23CV576 JLB-NPM**

**898 FIFTH AVENUE SOUTH HOLDINGS LLC**

**PLAINTIFF.**

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS AND COUNTERCLAIMS AGAINST PLAINTIFF FOR BREACH OF CONTRACT

Re: Complaint for Violation of Constitutional Rights and Counterclaim against Plaintiff for Breach of Contract

As a Defendant in the case Clark Pear vs 898 Fifth Avenue South Holdings LLC, which was being litigated in the Circuit Court of the Twentieth Judicial Circuit in Collier County, FL until the Defendant filed a notice of removal due to a violation of constitutional rights by said court and Federal questions I respectfully submit this complaint and counterclaims to be pursued in the federal court regarding the violation of my constitutional rights and counterclaims.

**I. Background**

1. Plaintiff breached lease with Defendant when Plaintiff failed to provide safe and habitable premise and violated Florida statute 83.51 as reported to Plaintiff by Defendant November 12, 2022 in form of Notice to Repair and Notice to Withhold Rent.
2. Plaintiff failed to properly remediate the Defendants premise as evidenced by the continued presence of toxic mold contained in reports from 4/30/2023 and 07/25/2023

    and Notice of Repair and Notice to withhold rent are still in effect pending proper remediation.

3. Plaintiff attempted a Constructive Eviction against Defendant and filed for eviction proceedings on May 22, 2023 without fully removing presence of toxic mold
4. Defendant filed an opposition and response with counter claims on May 26, 2023.
5. The court ordered a mediation on 5/31/2023 for June 21, 2023 at 9AM and Plaintiff failed to show.
6. Defendant filed a motion for Default Judgement for Failure to appear to a Judge ordered mediation against the Plaintiff
7. Plaintiff did not respond for a full 30 days after the Motion for Default Judgement was filed and Defendant filed a motion for default entry against Plaintiff for failure to respond within the required 20 day timeline per Florida Civil Rule of Procedure 1.500.
8. An evidentiary hearing was held on July 31, 2023 at 11 AM where Defendant was denied chance to question witnesses by Judge, Florida Civil Rules of Procedure were disregarded by the Judge, and evidence was denied entry into court system.
9. The Judge issued an order denying the Motion for Default Judgement completely disregarding the Florida Civil Rules of Procedure 1.500.
10. Defendant filed a notice of removal from state to federal court for violation of his constitutional rights under the 5th Amendment and due process.

II. Violation of Constitutional Rights

1. The claims presented in the Judges Order denying the Defendants motion for Defaults involve significant and substantial violations of Defendants constitutional rights, specifically protected under The Fifth Amendment stating that no person should be deprived of "life, liberty, or property, without due process of law.
Federal Jurisdiction".  The Defendant was not allowed to be properly heard and Florida Rules of Civil Procedure were disregarded.

2. During the proceedings, the judge further denied the Defendant's requests for due process, by refusing to allow witnesses to testify, cutting Defendant off when questioning another witness, and not allowing cross examination of another witness. As a result, the Defendant did not receive a fair hearing and the Defendants constitutional rights have been violated.

## III. Jurisdiction of Federal Court

1. Federal Jurisdiction: Additionally, the failure of the court to allow for due process of the law and to properly hear the Defendant's motions for Default against the Plaintiff invoke matters of federal law, necessitating the transfer of this case to federal jurisdiction. The issues at hand transcend state law concerns and require an examination of federal statutes, regulations, and constitutional interpretation for an appropriate resolution.
2. There is an abundance of case law to support the removal of this case from State to Federal Court. Once such case is Pullman Co. v. Jenkins, 305 U.S. 534 (1939): In this case, the Supreme Court held that when a state court decision would involve a significant federal constitutional question, it is appropriate for the federal court to assert jurisdiction over the case. This ruling is often cited when a state court decision potentially infringes on a defendant's Fifth Amendment rights.
3. Another such case is J.I. Case Co. v. Borak (1964): Although this case involved securities regulation, the Supreme Court emphasized the federal interest in adjudicating claims involving the protection of constitutional rights. It established the principle that federal courts should exercise jurisdiction over a civil case if it presents a substantial federal question, including the alleged violation of constitutional rights.

## IV. First Counterclaim: MOTION FOR DEFAULT ENTRY

A Motion for Default Entry should be issued against the Plaintiff immediately. Pursuant to Florida Rule of Civil Procedure 1.500, the plaintiff had 20 days to respond to the motion for default judgment but failed to do so within this timeline by not responding until July 21, 2023 or 30 days after. (See Exhibit A)

## V. Second Counterclaim: BREACH OF CONTRACT BY PLAINTIFF

The Plaintiff is in breach of contract to Defendant for not providing safe and habitable premise per Florida Statute 83.51 by allowing toxic mold to accumulate in the Defendants apartment and Defendant is entitled to damages to FF&E and health damages for Plaintiffs negligence in accordance with case law like Lynette R. Jividen v. MLCasa V, L.P. d/b/a Mar Lago and ZRS Management LLC where Lynette R. Jividen for past and future pain and suffering and medical cost of $48,000,000.  Ironically, Plaintiff did not show up for court proceedings same as Plaintiff in that case.  (See Exhibit B letter to Plaintiff about the issue, Exhibit C notice of repair, Exhibit D notice to withhold rent, Exhibit E admission of negligence by Plaintiff)

**VI. Third Counterclaim:  CONSTRUCTIVE EVICTION ATTEMPT BY PLAINTIFF**

The Plaintiff violated Statute 892, 895 (Fla. 1931) and this constitutes an illegal eviction attempt known as constructive eviction by making rental property uninhabitable. The pain and suffering I experienced due to toxic mold exposure brought on by Plaintiffs negligence and presence of toxic mold that needed to be remediated.  Statute 892, 895 (Fla. 1931) states "It may constitute a constructive eviction if the landlord does any wrongful act or is guilty of any default or neglect whereby the leased premises are rendered unsafe, unfit, or unsuitable for occupancy in whole, or in substantial part, for the purposes for which they were leased."  Defendant made numerous attempts to bring these issues to the Plaintiffs attention (see Exhibit F –letter about constructive eviction) including providing a mold report (see Exhibit G) and required remediation by a licensed and insured professional and requested that the Plaintiff take action to resolve this issue and remove the toxic mold, reported my health issues, and pleaded with Plaintiff to take action.  However, despite Defendant's requests, the Plaintiff has failed to address these problems, and as a result, Defendant has been forced to vacate the property pending remediation. I made mention of punitive damages in my amended complaint in the counter claim section more than 20  days ago and now would like to file the motion for punitive and compensatory damages and per Florida Statute 768.73 Defendant is requesting the maximum amount of two million dollars ($2,000,000) due to the Plaintiffs intentional misconduct for the purpose of financial gain.  The Plaintiffs negligence and illegal constructive eviction attempts caused the Defendant pain and suffering (emotional distress), loss of consortium, loss of capacity for your normal activities, and future

medical bills. There are multiple cases regarding punitive damages as it relates to constructive eviction, but two notable cases related to punitive damages for constructive eviction are the HANKINS v. SMITH Supreme Court of Florida, En Banc.Dec 15, 1931 and MINJAK CO. v. RANDOLPH Appellate Division of the Supreme Court of New York, First Department.May 24, 1988  These cases establishes the principle that punitive damages can be awarded when a person commits a willful and malicious wrong and the Plaintiff certainly did both as evidenced by email records, text records, and mold reports.

## VI. Prayer for Relief

1. $2,000,000 in punitive damages.
2. $10,000,000 for past future pain and suffering any future medical bills that could be associated with Defendants exposure to toxic mold.

## VII. Conclusion

Thank you for considering this submission, and I appreciate your attention to this matter. I remain at your disposal for any further information, and I look forward to the court's decision regarding my constitutional rights.

Sincerely,

Respectfully Submitted,

Clark John Pear
898 5th Ave South Ste 304

Naples, FL 34102
TELEPHONE: (239)-571-0627
Email: onehundredpercentrealty@gmail.com
Pro se
By: /s/ Clark John Pear

## **CERTIFICATION OF SERVICE**

I hereby certify the above has been furnished via the E-Filing Portal to the parties (jsilverfield@holmesfraser.com) and (service@holmesfraser.com) on August 4, 2023.

Clark John Pear

898 5th Ave South Ste 304

Naples, FL 34102

TELEPHONE: (239)-571-0627

Email: onehundredpercentrealty@gmail.com

Pro se

By: /s/ Clark John Pear