UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

898 Fifth Avenue South Holdings, LLC,

    Plaintiff,

v.

                              Case No.: 2:23-cv-576-JLB-NPM

Clark John Pear,

    Defendant.
_____/

## **ORDER**

Defendant Clark John Pear has filed an objection (Doc. 18) to the Magistrate Judge's Order (Doc. 17) remanding this landlord-tenant action to state court. After an independent review of the record, the Court **OVERRULES** Defendant's objection (Doc. 18). *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), (b).

In May 2023, Plaintiff 898 Fifth Avenue South Holdings, LLC filed a two-count complaint in county court against Mr. Pear seeking to evict him and collect damages "not exceed[ing]" $30,000 for breaching the lease. (*See* Doc. 15 at 1–3). Mr. Pear removed this action to this Court on July 31, 2023. (*See* Doc. 1). But Mr. Pear has failed to establish any basis for this Court's jurisdiction. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (reiterating that the "removing defendant bears the burden of proving proper federal jurisdiction" and that "[a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court") (internal quotation marks and citations omitted).

A removing defendant "must show that the *plaintiffs'* complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Id.* at 1295 (emphasis added). As the Supreme Court has explained, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *accord Adventure Outdoors,* 552 F.3d at 1295 ("In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone"). But here, there is no federal question apparent on the face of Plaintiff's complaint. (*See* Doc. 15).

Mr. Pear instead appears to contend that this Court has federal-question jurisdiction based on his own asserted "complaint" and his asserted defenses. (*See* Doc. 18 at 1–2, 22; *see also* Docs. 1, 9, 13, 14, 16).[1] But "[t]he existence of federal jurisdiction is tested at the time of removal" and "must be apparent from the face of the [plaintiff's] well-pleaded complaint and not from a defense or anticipated defense." *Adventure Outdoors*, 552 F.3d at 1294–95; *Newton v. Capital Assur. Co.,*

---

[1] For example, in his "complaint," Mr. Pear alleges federal constitutional and RICO violations (*see* Doc. 18 at 1–21), and he has argued that federal-question jurisdiction exists to address (i) the alleged violations of his constitutional rights by the county court judge (*see, e.g.,* Doc. 1 at 1–2; Doc. 18 at 10–12) and by Plaintiff (*see, e.g.,* Doc. 9 at 1; Doc. 13 at 4–6), and (ii) Plaintiff's failure to provide a safe and habitable residence under the Uniform Residential Landlord and Tenant Act (*see* Docs. 14, 16).

*Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001).  Mr. Pear has accordingly not established any basis for this Court's jurisdiction under 28 U.S.C. § 1331.

Mr. Pear also now suggests in his objections to the Magistrate Judge's Order that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Doc. 18 at 7).  But Mr. Pear's conclusory assertion, at the very least, fails to meet his burden to establish the statutory requirements for such jurisdiction.  *See, e.g., Adventure Outdoors,* 552 F.3d at 1294 (reiterating removing party's burden).[2]

## CONCLUSION

Accordingly, for the foregoing reasons:

1. Defendant's objection (Doc. 18) is **OVERRULED**.

2. This case is remanded to the County Court of the Twentieth Judicial Circuit in and for Collier County, Florida.  The Clerk of Court is **DIRECTED** to transmit a certified copy of this order to the Collier County, Florida, Clerk of Court.

3. Mr. Pear's motions for summary judgment and for a hearing (Docs. 24, 25, and 26) and Plaintiff's motion for ruling (Doc. 27) are **DENIED as moot**.

---

[2] The Court further notes that Mr. Pear states that he is a "Citizen of Florida." (Doc. 18 at 7).  The removal statute provides, however, that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed *if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" 28 U.S.C. § 1441(b)(2) (emphasis added).

3

4. The Court retains jurisdiction as to any requests for attorneys' fees and expenses (*see* Doc. 17 at 3–4).

**ORDERED** at Fort Myers, Florida on February 5, 2024.

*[Signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE