UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

898 Fifth Avenue South Holdings, LLC,

     Plaintiff,

v.

                                  Case No.: 2:23-cv-576-JLB-NPM

Clark John Pear,

     Defendant.

_____/

## ORDER

This matter comes before the Court on the Plaintiff's request for attorneys'
fees under 28 U.S.C. § 1447(c).  (Doc. 20; Doc. 29; Doc. 31).

In its motion for attorneys' fees, Plaintiff 898 Fifth Avenue South Holdings,
LLC reported that it had conferred with Defendant Clark John Pear in accordance
with Local Rule 3.01(g) and that Mr. Pear opposed the motion.  (Doc. 29 at 5).  The
motion for attorneys' fees also incorporated Plaintiff counsel's previously filed
affidavit as to the amount of the fees requested.  (*See id.* at 3 & n.1 (citing Doc. 20)).
On February 22, 2024, the Court (i) directed Plaintiff to re-file its attorneys' fees
affidavit with a certificate of service showing service on Mr. Pear, and (ii) provided
Mr. Pear with the opportunity to respond "to the request for attorneys' fees and the
requested amount of those fees within 14 days of service" of the re-filed affidavit.
(Doc. 30).  That same day, Plaintiff re-filed its affidavit with a certificate of service
showing service on Mr. Pear.  (Doc. 31).  Mr. Pear has not responded, and the time

to do so has long passed.  For the following reasons, the Court will award attorneys'
fees to Plaintiff, but will require an additional submission from Plaintiff as to the
amount of those fees.

The Supreme Court has explained that, "[a]bsent unusual circumstances,"
attorneys' fees may be awarded in removal cases under 28 U.S.C. § 1447(c) "only
where the removing party lacked an objectively reasonable basis for seeking
removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).  This test
recognizes "the desire to deter removals sought for the purpose of prolonging
litigation and imposing costs on the opposing party, while not undermining
Congress' basic decision to afford defendants a right to remove as a general matter,
when the statutory criteria are satisfied." *Id.* at 140.

In this case, Plaintiff contends that attorneys' fees are warranted because
Mr. Pear lacked an objectively reasonable basis for removing this landlord-tenant
eviction and damages action to federal court.  (Doc. 29 at 1, 3).  Plaintiff further
asserts that Mr. Pear removed this case from county court to this Court "[i]n order
to avoid the eviction and having to deposit funds into the court registry pursuant to
[the county] court order."  (*Id.*)

With no substantive response from Mr. Pear, Mr. Pear has not addressed, let
alone refuted, these assertions.  *See* Local Rule 3.01(c) ("If a party fails to timely
respond [to a motion], the motion is subject to treatment as unopposed").  The Court
accordingly treats Plaintiff's motion as unopposed.  *See, e.g., Borrego v. GeoVera
Specialty Ins. Co.,* No. 6:22-cv-483-CEM-LHP, 2023 WL 5016544, at *1 (M.D. Fla.

Aug. 7, 2023) ("Although the Local Rule 3.01(g) certification states that Plaintiffs' counsel opposes the motion for sanctions, . . . neither Plaintiff has filed a response to the motion, and the time for doing so has long expired. Therefore, the Court treats the motion as unopposed in all respects.") (citing Local Rule 3.01(c)).

Furthermore, the Court finds that there was no objectively reasonable basis for seeking removal of this landlord-tenant eviction and damages action. There was plainly no federal question presented on the face of Plaintiff's complaint, and Mr. Pear failed to establish the statutory requirements for diversity jurisdiction. (*See* Doc. 28 at 1–3). It also appears, as Plaintiff suggests (Doc. 29 at 1), that Mr. Pear removed this case to delay the eviction/damages action and the county court's order requiring him to deposit funds into the court's registry. The documents Mr. Pear himself submitted to this Court show that he removed this case on July 31, 2023— the same day the county court had held a hearing and entered an order (i) requiring Mr. Pear to deposit into the court registry roughly $15,000 for outstanding and then-due rent; and (ii) providing that failure to deposit these funds by August 1, 2023, would result in a default judgment against him. (Doc. 14-4 at 375–76 (county court's July 31, 2023 order); *id.* at 422–25 (notice of removal dated July 31, 2023); *id.* at 473–74 (county court August 2, 2023 order, stating "It appears from the Court File, that very late at night on July 31, 2023, the Defendant [Mr. Pear] filed a Notice of Removal to Federal Court"); *see also* Doc. 5 at 2–3 (Plaintiff's argument addressing July 31, 2023 hearing and timing of filings on that date); Doc. 13 at 3 (Mr. Pear's response addressing July 31, 2023 hearing)).

The Court is mindful that Mr. Pear has proceeded *pro se* here and apparently attempted to invoke this Court's jurisdiction based on his assertion that *his* federal constitutional and statutory rights had been violated in this landlord-tenant case. (*See, e.g.,* Doc. 28 at 2 & n.1 (citing and summarizing Mr. Pear's arguments)). But as this Court has concluded, Mr. Pear "failed to establish *any basis* for this Court's jurisdiction" under the federal jurisdictional statutes. (*Id.* at 1 (emphasis added)). Moreover, Mr. Pear's failure now to respond to Plaintiff's motion for attorneys' fees—despite expressly being afforded the opportunity to do so (*see* Doc. 30) and after otherwise actively litigating this case (*see* Docs. 9, 13, 14, 16, 18, 24, 25, 26)— supports that Mr. Pear had no objectively reasonable basis for removing this case. *See, e.g., MSP Recovery Claims, Series LLC v. NGM Ins. Co.*, No. 3:19-cv-128-MMH-JRK, 2021 WL 1172810, at *2 (M.D. Fla. Mar. 29, 2021) (treating "failure to respond to the merits of [a party's] request. . . as a concession that the request is due to be granted") (collecting cases).

Accordingly, after a due consideration of the facts and circumstances of this case, together with the Supreme Court's standard for awarding attorneys' fees under section 1447(c), the Court concludes, in its discretion, that an award of attorneys' fees accords with the purposes of fee awards under section 1447(c). *See Martin*, 546 U.S. at 139–40 (explaining that "an award of fees under § 1447(c) is left to the district court's discretion" and that the "appropriate test . . . should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining

Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied"); *see also Devine v. Prison Health Servs., Inc.*, 212 F. App'x 890, 892–93 (11th Cir. 2006) (concluding district court did not abuse its discretion in awarding attorneys' fees under section 1447(c) where Plaintiff's "complaint asserted no question on its face and [defendant] failed to provide a reasonable argument in support of diversity jurisdiction"); *Jackson v. United States*, No. 6:05-cv-1643-Orl-19KRS, 2006 WL 4863066, at *4 (M.D. Fla. Nov. 1, 2006) (awarding attorneys' fees under section 1447(c) against *pro se* litigant where removal of the state court eviction lawsuit did not accord with removal statute's criteria and the removal delayed the state court eviction proceeding, prolonging the litigation and imposing additional costs upon opposing party).

Plaintiff seeks $4,175.00 in attorneys' fees.  (Doc. 29 at 1).  Plaintiff's counsel has submitted an affidavit with a chart summarily stating the number of hours expended to defend this removal action and counsel's hourly rate, attesting that this amount has been or will be billed to Plaintiff in this case.  (Doc. 20 at 2; Doc. 31 at 2).  Plaintiff asks the Court to treat this award as reasonable based on Mr. Pear's failure to respond.  (Doc. 29 at 4).

Although Mr. Pear has not responded, Plaintiff is the party that bore the initial burden of submitting "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Plaintiff has not met this initial burden; its motion and affidavit do not address the factors that the Court should consider in determining the reasonableness of the requested attorneys' fees

or include any supporting documentation, such as time records.  *See, e.g., Poblano v. Russell Cellular, Inc.*, No. 8:19-cv-265-KKM-AAS, 2022 WL 278678, at *2 (M.D. Fla. Jan. 26, 2022) (explaining that "[e]ven though [the attorneys' fee] motion is unopposed . . . , this [Court] still must analyze the reasonableness of the requested attorney's fees"), *report and recommendation adopted as modified*, 2022 WL 278737 (M.D. Fla. Jan. 31, 2022); *see also Koncept Properties Inc. v. Scopelliti*, No. 8:22-cv-734-MSS-AEP, 2022 WL 18933358, at *2–4 (M.D. Fla. Nov. 28, 2022) (assessing reasonableness of attorneys' fees request in removal case based on the party's submissions in light of the factors to be considered), *report and recommendation adopted*, 2023 WL 2347887 (M.D. Fla. Jan. 24, 2023).

Plaintiff may accordingly supplement its attorneys' fee submission with information and documentation addressing the factors the Court should consider in assessing the reasonableness of the attorneys' fees requested.  Plaintiff's supplemental submission should also include sufficient information to permit the Court to review whether the attorneys' fees requested are limited to the amount incurred "as a result of the removal."  *Hajdasz v. Magic Burgers, LLC*, No. 6:18-cv-1755-Orl-22LRH, 2019 WL 3383429, at *2 (M.D. Fla. June 26, 2019) (internal quotation marks omitted).  Plaintiff's supplemental submission should be served on Mr. Pear, who will be provided an opportunity to respond.

Accordingly, it is **ORDERED** that:

1.    Plaintiff's Motion for Attorneys' Fees Under § 1447(c) (Doc. 29) is

      **GRANTED in part**.  The Court reserves its decision on the amount of

attorneys' fees to be awarded pending Plaintiff's supplemental submission.

2.    Plaintiff may supplement its attorneys' fee filings within 14 days of this Order.  Mr. Pear may respond within 14 days of the Plaintiff's supplemental submission.

**ORDERED** at Fort Myers, Florida on April 16, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE