UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

898 Fifth Avenue South Holdings, LLC,

    Plaintiff,

v.

                                    Case No.: 2:23-cv-576-JLB-NPM

Clark John Pear,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's verified supplement to its motion for attorneys' fees under 28 U.S.C. § 1447(c), in which Plaintiff has requested an award of attorneys' fees of $4,100. (Doc. 33). Defendant Clark Pear ("Defendant" or "Mr. Pear") responded in opposition but has not contested the hourly rate or the number of hours claimed by Plaintiff's counsel. (Doc. 34). For the following reasons, the Court concludes that an hourly rate of $250, and 13.1 hours, to be reasonable and supported by the record. The Court will accordingly award $3,275 in attorneys' fees to Plaintiff.

## DISCUSSION

### I. The hourly rate

Plaintiff's counsel has claimed an hourly rate of $250 for the two attorneys who defended against the removal of this case; one attorney has been practicing since 2008, and the other since 2012. (Doc. 33 at ¶ 5; Doc. 33-1 at 4–5; *see* Doc. 31

at ¶ 4). Counsel cites the $325-per-hour rate of a six-year lawyer in another removal case to support the reasonableness of this hourly rate. (Doc. 33 at ¶ 5 (citing *Koncept Properties Inc. v. Scopelliti*, No. 8:22-cv-734-MSS-AEP, 2022 WL 18933358, at *3 (M.D. Fla. Nov. 28, 2022), *report and recommendation adopted*, 2023 WL 2347887 (M.D. Fla. Jan. 24, 2023), *appeal dismissed*, No. 23-10621-H, 2023 WL 9116827 (11th Cir. Nov. 1, 2023)). In *Koncept Properties*, the Court agreed that the $325 hourly rate of a six-year lawyer—as well as the $395 hourly rate of a 15-year lawyer—were reasonable in that removal case. 2022 WL 18933358, at *3.

Although Plaintiff's counsel in this case has not submitted an affidavit establishing actual rates billed and paid in similar removal lawsuits, the Court may rely on its own knowledge and experience in assessing the reasonableness of the hourly rate. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Here, having considered (i) the experience of Plaintiffs' counsel (*i.e.*, lawyers of approximately 12 and 16 years of experience) (Doc. 33 at ¶ 5); (ii) the type of case and skills involved in defending this removal case (*see, e.g.,* Docs. 5, 19); (iii) this Court's own knowledge and experience concerning reasonable and proper fees in removal cases within this District, and particularly within the Fort Myers Division; and (iv) that Defendant in his response presented no opposition to the hourly rate claimed by Plaintiffs' counsel (*see* Doc. 34 at 1–5), the Court concludes that an hourly rate of $250 is reasonable. *See, e.g., Leeward Sound Corp. v. Service Ins. Co.*, No. 2:14-cv-240-FtM-38DNF, 2014 WL 4376189, at *4 (M.D. Fla. Sept. 4, 2014) (determining—almost 10 years ago in a Fort Myers Division removal

case—that "$345.00 is *slightly* higher than the Court has found to be the prevailing rate in the past in this area" but declining to lower rate absent an objection) (emphasis added), *report and recommendation adopted*, *id.* at *1–2 & n.3; *see also Jasper Contractors, Inc. v. Progressive Prop. Ins. Co.*, No. 2:19-cv-536-FtM-29NPM, 2019 WL 9045081, at *1 (M.D. Fla. Sept. 25, 2019) (accepting $350 hourly rate in a 2019 Fort Myers removal case, where plaintiff sought $400 per hour, defendant proposed $350 per hour, and Court explained that "[r]elative to other cases and similar experience, the Court finds a rate of $350 is still high for someone practicing since only 2014, but the Court will accept defendant's proposed reduction").

## II.  The number of hours

Plaintiff's counsel avers that the two attorneys respectively spent 12.10 and 5.80 hours defending against this removal. (Doc. 33 at ¶¶ 3, 4). As an initial matter, the Court notes that Plaintiff's submission appears to contain a mathematical error; indeed, a combined total of 17.9 hours (12.10 + 5.80) at a rate of $250 per hour would exceed the $4,100 in attorneys' fees that Plaintiff's counsel has requested. (*See id.* at ¶¶ 3, 4, 8). Furthermore, the billing records that Plaintiff's counsel has submitted show time entries that, when totaled, amount to only 14.6 hours. (*See* Doc. 33-1 at 4–5; *see also* Doc. 33 at 2 & n.1 (explaining that one hour should be reduced from the time entry on August 1, 2023)). The Court accordingly rejects the claim of 17.9 hours as unsupported by the billing records that Plaintiff's counsel has submitted. *See* 28 U.S.C. § 1447(c) (providing that courts may "require payment of just costs and *any actual expenses*, including attorney fees, incurred as a

3

result of the removal") (emphasis added); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (explaining counsel may not bill to their adversary any hours they would not bill to their client).

Having reviewed the billing records, the Court concludes that 13.1 hours is reasonable and supported in this case. In defending this removal, Plaintiff's counsel filed (i) a motion to remand; and (ii) a response to Defendant's objection to the Magistrate Judge's remand order. (Doc. 5; Doc. 19). Plaintiff's counsel were also met with several other filings from Defendant in this removal action. (*See, e.g.*, Docs. 9, 13, 14, 16). The billing records that Plaintiff's counsel has submitted align with the work done in defending against this removal. (*Compare* Doc. 33-1 at 4–5 (billing entries from August 1, 2023, through September 5, 2023, from the filing of Defendant's notice of removal through Plaintiff's response to Defendant's objection to the Magistrate Judge's remand order), *with* Docs. 1 through 19). Further, Plaintiff's counsel attests that counsel has removed time entries that were redundant or unrelated to the removal from the billing records. (Doc. 33 at 2 & n.1). This Court has also independently reviewed the billing records (Doc. 33-1 at 4–5), and the Court agrees that none of the billing entries appear "excessive, redundant, or otherwise unnecessary"[1]—except one, the 1.5 hours spent on a motion for sanctions under Federal Rule of Civil Procedure 11 that Plaintiff did not file in this case. (*See* Doc. 33-1 at 5 (time entry on August 17, 2023)); *cf. Norman*, 836 F.2d at

---

[1] *Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary....").

1302 ("[I]n determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims.") (citing *Hensley*, 461 U.S. at 435). Because Plaintiff did not file the motion for sanctions, it has not established its entitlement to expenses "incurred for the motion." Fed. R. Civ. P. 11(c)(2); *cf. Hajdasz v. Magic Burgers, LLC*, No. 6:18-cv-1755-Orl-22LRH, 2019 WL 3383546, at *6 (M.D. Fla. May 17, 2019) (agreeing that "because Plaintiff did not prevail on the motion for Rule 11 sanctions as it relates to Magic Burgers, any time spent by counsel in drafting the motion for sanctions should not be calculated in the award of attorney's fees against Magic Burgers"), *report and recommendation adopted*, 2019 WL 3383429 (M.D. Fla. June 26, 2019), *appeal on other grounds aff'd*, 805 F. App'x 884 (11th Cir. 2020). Nor has Plaintiff provided any other basis for including the time spent on an unfiled Rule 11 motion in the attorneys' fees requested here. (*See* Doc. 33); *Norman*, 836 F.2d at 1303 ("The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.").

Accordingly, after deducting this entry of 1.5 hours from the 14.6 total hours reflected in the billing records, the Court concludes that 13.1 hours is reasonable and supported in this case. In making this determination, the Court notes that Defendant in his response (Doc. 34) did not object to the hours reflected in the billing records, further supporting that the 13.1 hours is reasonable here. *See American Civil Lib. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning

5

hours that should be excluded must be specific and 'reasonably precise.'") (quoting *Norman*, 836 F.2d at 1301).

Mr. Pear's sole objection to the award of attorneys' fees is that such an award would be "premature" because this matter is "still pending in a different court and unresolved issues remain to be litigated." (Doc. 34 at 2). Mr. Pear points to (i) the ongoing proceedings in the remanded case, stating that the county court case "is currently under review by the appeals court," and (ii) a "pending complaint against the Plaintiff in county court for negligence, constructive eviction, and damages," which Defendant asserts alleges wrongdoing by Plaintiff. (*Id.* at 1–2). But, as explained above, the award of attorneys' fees here is limited to the hours spent—and thus the fees incurred—in defending against the removal in *this federal Court*. *See* pp.3–5, *supra*. Mr. Pear has accordingly provided no basis for denying or delaying the award of attorneys' fees incurred as a result of this removal.

## CONCLUSION

Based on the foregoing, the Court concludes that attorneys' fees are due to be awarded to Plaintiff in the amount of $3,275 (13.1 hours x $250 per hour). Accordingly, it is **ORDERED** that:

1. Plaintiff's Verified Supplement to Motion for Attorneys' Fees Under § 1447(c) (Doc. 33) is **GRANTED in part** and **DENIED in part** as set forth herein.

2. The Clerk of Court is **DIRECTED** (i) to enter judgment in favor of Plaintiff 898 Fifth Avenue South Holdings, LLC, in the amount of $3,275 in attorneys' fees and (ii) to close this case.

**ORDERED** at Fort Myers, Florida on June 24, 2024.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE